J-S85035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
            v.                :
                              :
ANTHONY DELOATCH,             :
                              :
            Appellant         :         No. 119 EDA 2016

Appeal from the PCRA Order December 3, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0603841-1990

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 13, 2017**

Anthony DeLoatch ("DeLoatch"), *pro se,* appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 15, 1990, following a non-jury trial, DeLoatch was found guilty of first-degree murder and related charges.  On March 1, 1994, DeLoatch was sentenced to an aggregate term of life in prison.  This Court affirmed DeLoatch's judgment of sentence, and the Supreme Court denied allowance of appeal on October 13, 1995.  **See Commonwealth v. DeLoatch**, 665 A.2d 1298 (Pa. Super. 1995), **appeal denied**, 668 A.2d 1122 (Pa. 1995).

DeLoatch subsequently filed five PCRA Petitions, all of which were dismissed.

DeLoatch filed the instant PCRA Petition, his sixth, on August 3, 2012. DeLoatch subsequently filed a "Motion to Vacate Judgment Procured Through Fraud" on April 30, 2013. The PCRA court treated the Motion as a supplemental filing to the PCRA Petition. Thereafter the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition. The PCRA court thereafter dismissed the Petition. DeLoatch filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9454(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

DeLoatch's sentence became final on January 11, 1996, after the time to seek review with the United States Supreme Court had expired. ***See*** Sup. Ct. R. 13. Because DeLoatch filed the present PCRA Petition on August 3, 2012, his Petition is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Here, DeLoatch did not plead or prove any exception to the PCRA's timeliness requirement. Instead, DeLoatch attempts to reintroduce a previously raised ***Brady***[1] claim, wherein he claims that the assistant district attorney withheld exculpatory evidence and unlawfully permitted a witness to lie under oath. Brief for Appellant at 2. However, this Court previously addressed DeLoatch's ***Brady*** claim in an appeal from the dismissal of his third PCRA Petition. ***See Commonwealth v. DeLoatch***, 931 A.2d 43 (Pa. Super. 2007) (unpublished memorandum at 8-9); ***see also*** 42 Pa.C.S.A. § 9544(a)(3) (stating that an issue is previously litigated under the PCRA if it has been in a proceeding collaterally attacking the conviction or sentence).

---

[1] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

Thus, because DeLoatch did not invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 2/13/2017

---

[2] In his PCRA Petition, DeLoatch argued that his sentence was illegal pursuant to **Miller v. Alabama**, 132 S. Ct. 2455 (2012). However, **Miller** is inapplicable, as DeLoatch was twenty-one years old at the time of the offense. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013).